IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARVEY EDMONDS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SURGICAL MONITORING | : | |
| ASSOCIATES, INC. | : | NO. 07-3411 |

ORDER AND OPINION

JACOB P. HART                                                                   DATE:   April 28, 2008
UNITED STATES MAGISTRATE JUDGE

In this action, plaintiff Harvey Edmonds has asserted claims of breach of contract and unjust enrichment against defendant Surgical Monitoring Associates, Inc. ("SMA"), in connection with an agreement for the sale of his business to SMA. Edmonds has served a subpoena directed to both Peter Rothman, former SMA chief financial officer (and current tax accountant), and to his accounting practice, the Rothman Group. Rothman and the Rothman Group have now filed a Motion to Quash. For the reasons set forth below, their motion will be denied.

I.     Factual and Procedural Background

Edmonds, a physician, developed a "neuromonitoring" business, measuring the neurological functioning of patients while they were undergoing surgery. In April, 1995, he entered a Professional Services Agreement with SMA, by which he transferred his business assets and agreed to provide consulting services. In his complaint, he maintains that SMA has violated payment provisions in that Agreement.

SMA's defense depends, at least in part, on its assertion that Edmonds made material misrepresentations to SMA as to his business's profitability during negotiation of the Agreement.  SMA's Answer at Sixth Affirmative Defense.  Another defense it has asserted is that of mutual mistake as to the profitability of the business.  Id. at Seventh Affirmative Defense.

Edmonds maintains that it is for this reason that he now seeks information regarding the due diligence process undertaken by Peter Rothman, then acting as SMA's chief financial officer.  In the subpoena, Edmonds requests:

> 1.  All documents that you reviewed or inspected as part of your due diligence on behalf of Surgical Monitoring Associates, Inc. (hereinafter "SMA") in connection with SMA's purchase of the medical business of Harvey Edmonds, also known as Neuromonitoring Associates, Inc. (hereinafter collectively referred to as "Edmonds").
>
> 2.  All documents that you received from Edmonds or his accountant or his lawyer in connection with SMA's purchase of Edmonds's business.
>
> 3.  All documents that memorialize, reflect or refer to any analysis you performed regarding Edmonds's business prior to SMA's purchase of that business.
>
> 4.  All documents that memorialize, reflect or refer to any analysis you performed regarding the business which SMA purchased from Edmonds after the date of the purchase.
>
> 5.  All documents that comprise, memorialize, reflect or refer to any payment made by SMA to Edmonds.
>
> 6.  All documents that compromise [*sic* "comprise"], memorialize, reflect or refer to any request for payment made by Edmonds to SMA.
>
> 7.  All documents that compromise [*sic* "comprise"], memorialize, reflect or refer to SMA's policies and procedures regarding approval of expenditures and signing checks.
>
> 8.  All federal, state and local tax returns for SMA for the tax years 2004 through the present, including all schedules thereto.

   9. All financial statements for SMA for the years 2004 through the present.

   10. All documents that reflect or refer to Edmonds and/or his business.

   11. All documents that compromise [*sic* "comprise"] memorialize, reflect or refer to any communications between you and SMA regarding Edmonds and/or his business.

   12. All documents that reflect or refer to any gross and/or net revenue that SMA received from any of the following institutions located in or around Louisville, Kentucky; Jewish Hospital, Norton Healthcare System Hospitals, Baptist Hospital East, University of Louisville Hospital, and Floyd Memorial Hospital in New Albany, Indiana.

   13. All documents that memorialize, reflect or refer to any third-party reimbursements that SMA received in connection with any goods or services provided at any of the hospital facilities described in paragraph 12.

Subpoena, attached as Exhibit A to Motion to Quash.

In their Motion to Quash, Rothman and Rothman Group argue that this material is protected by the accountant-client privilege. Defendant SMA has filed a response, in which it maintains that the documents, if ruled discoverable, should be examined by the Court *in camera* before they are produced to Edmonds, for excision of material which is irrelevant to this action. Edmonds, of course, has also filed a response, in which he argues that the documents are discoverable.

II.   Relevant Law

The accountant-client privilege is created by a Pennsylvania statute which reads:

Except by permission of the client engaging him or the heirs, successors or personal representatives of a client, a licensee or a person employed by a licensee shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed unless the sharing of confidential information is within the peer review process. This provision on confidentiality shall prevent the board from receiving reports relative to and in connection with any professional services as a certified public accountant, public accountant or

3

>firm. The information derived from or as the result of such professional services shall be deemed confidential and privileged. Nothing in this section shall be taken or construed as prohibiting the disclosure of information required to be disclosed by the standards of the profession in reporting on the examination of financial statements, or in making disclosures in a court of law or in disciplinary investigations or proceedings when the professional services of the certified public accountant, public accountant or firm are at issue in an action, investigation or proceeding in which the certified public accountant, public accountant or firm is a party.

63 P.S. § 9.11a, Accountants; Privileged Communications.

This accountant-client privilege belongs to the client, not to the accountant. Emtec, Inc. v. Condor Technology Solutions Inc., Civ. A. No. 97-6652, 1998 WL 242603 at *2. (E.D. Pa. May 14, 1998). The client may waive the privilege through conduct inconsistent with its assertion. Id. The Emtec court wrote:

>When the client commences a lawsuit the allegations of which make relevant information and knowledge in the possession of the accountant and where the information or knowledge would be discoverable from the client if it was in his possession, then the client should be deemed to have waived the privilege by initiating the suit. The privilege could not have been intended to cloak material that would be discoverable from the client if it was in the client's possession.

Id.

Moreover, Rule 34 of the Federal Rules of Civil Procedure requires parties to litigation to produce requested documents which are in their "possession, custody or control." Fed. R. Civ. Pr. 34(a)(1). Documents in a party's "control" include those in the physical possession of its accountant. MGP Ingredients, Inc. v. Mars, Incorporated, C.A. No. 06-2318-JWL-DJW, 2007 WL 3353401 at *3 (D. Kan. Nov. 10, 2007); Arkwright Mut. Ins. Co. v. National Union Fire Insurance, No. 90 Civ. 7811 (AGS), 1994 WL 510043 at *3 (S.D.N.Y. Sep. 16, 1994); Winston v. Alhadeff, No. 83 C 3801, 1986 WL 4437 at *2 (N.D. Ill. Apr. 7, 1986).

III.   Discussion

All of Edmonds' requests, aside from numbers 7, 8 and 9, are specifically tailored to the subject matter of SMA's due diligence in purchasing Edmonds business, or to the income SMA has actually derived from former Edmonds clients.  Questions 8 and 9 ask more generally for information regarding SMA's income, which is reasonably connected to an investigation of whether the purchase of Edmonds' business was actually unprofitable. [1]

Thus, Edmonds seeks material to which SMA waived accountant-client confidentiality by putting their subject matter at issue.  See Emtec, supra.  Moreover, it is clear that SMA could obtain these documents from its accountants, at will.  Therefore, the material "would be discoverable from the client if it was in [its] possession."  See  Emtec, supra, and Fed. R. Civ. Pr. 34(a)(1).  For that reason, I will direct SMA to produce the material described in all requests.

I have, however considered the fact that SMA is a defendant, and not a plaintiff, as in Emtec.  Therefore, it was not initially SMA's choice to discuss its business dealings in a public forum.  Nevertheless, I will decline SMA's invitation to review *in camera* the undifferentiated mass of responsive documents.

Instead, I will give Rothman and the Rothman Group four weeks to comply with Edmonds' requests for production.  This should give them sufficient time to allow to SMA to review the responsive documents.  SMA may, if it chooses, file formal objections to the disclosure of any  document.  If SMA chooses to file objections, it must accompany them with a

---

[1] The importance of request 7, which asks for SMA's policies and procedures regarding approval of expenditures and check signing, is not immediately apparent. However, neither SMA nor the Rothman parties have argued that any request seeks irrelevant material.  Therefore, I will direct the Rothman parties to comply with this request, unless SMA raises a specific objection with the Court before the deadline for production.

properly indexed privilege log, and indicate the specific objection made to each challenged document. Where redaction of a document is proposed, SMA must indicate precisely which language it seeks to have excised. Of course, objections must be filed with the Court before the date that document production is due.

## O R D E R

AND NOW, this 28th day of April, 2008, upon consideration of Peter Rothman and the Rothman Group's Motion to Quash Subpoena, filed in this matter as Document 15, and the responses filed thereto, it is hereby ORDERED that the motion is DENIED.

1. Peter Rothman and the Rothman Group shall produce the documents requested in Plaintiff's subpoena by May 26, 2008.

2. Peter Rothman and the Rothman Group shall permit Defendant Surgical Monitoring Associate, Inc., access to the documents it deems responsive to the subpoena, in enough time to permit Surgical Monitoring Associates, Inc., to prepare and file objections if it so chooses.

3. Prior to May 26, 2008, Surgical Monitoring Associates, Inc., may, at its option, file objections with the Court regarding the production of specified documents or parts of documents which Peter Rothman and the Rothman Group have deemed responsive. Objections shall (a) be accompanied by a properly indexed privilege log; (b) set forth the exact objection to every challenged document, and (c) where redaction is requested, indicate precisely what language it seeks to remove.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE